FILED
IN CLERKS OFFICE

2025 MAR 10 AM 11: 43

U.S. DISTRICT COURT
DISTRICT OF MASS.

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

AFEISHA HAYNES,                  )        Case No.: _____
                 Plaintiff,      )
                                 )
                                 )
                                 )
vs.                              )        Jury Trial Demanded
                                 )
                                 )
NTI,                             )
                 Defendant.      )

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION, RETALIATION, AND
## BREACH OF CONTRACT

**COMES NOW**, Plaintiff Afeisha Haynes, proceeding pro se, and files this Complaint for Employment Discrimination, Retaliation, and Breach of Contract against Defendant NTI, alleging violations of Title VII of the Civil Rights Act of 1964, hostile work environment, retaliation, and failure to provide promised employment services. Plaintiff seeks compensatory and punitive damages, back pay, and any other relief deemed just and proper. In support of this Complaint, Plaintiff states as follows:

### I.     INTRODUCTION:

Plaintiff Afeisha Haynes is an individual who sought employment assistance through Social Security's Ticket to Work Program and was connected with NTI, an organization that claimed to provide employment opportunities and career support for individuals with disabilities.

NTI misrepresented the availability of employment opportunities and failed to provide the promised job placement and career assistance services. Instead, Plaintiff was assigned to a Remote Call Center Agent position with Meijer, where she suffered severe racial harassment, technological interference, and retaliation after reporting discrimination.

Plaintiff now brings this action to hold NTI accountable for its failure to investigate discrimination, creation of a hostile work environment, unlawful retaliation, and breach of contractual obligations. Plaintiff seeks monetary damages, equitable relief, and all other relief this Court deems just and proper. II.

## 11. PARTIES:

1. **Plaintiff:** Afeisha Haynes.

PARTIES: Address: 127 Arlington Avenue, Jersey City, NJ 07305.

2. **Defendant:** NTI.
   Address: 410 University Ave. DPT# 11045, Westwood, MA 02090-2311. III.
   JURISDICTION AND VENUE:

3. This Court has jurisdiction under 28 U.S.C. § 1331 as the claims arise under federal employment discrimination laws, including Title VII of the Civil Rights Act of 1964.

4. Venue is proper under 28 U.S.C. § 1391(b) because the Defendant is headquartered in Massachusetts, and the events giving rise to the claim occurred within this jurisdiction.

IV. STATEMENT OF FACTS:

5. Plaintiff, Afeisha Haynes, joined NTI through Social Security's Ticket to Work program in 2022, seeking employment and career assistance.

6. NTI advertised and promised multiple job opportunities but provided Plaintiff only one option: a Remote Call Center Agent (RCCA) position at Meijer, despite initially offering a roadside assistance position aligned with her experience.

7. During her employment at Meijer, Plaintiff faced repeated racial discrimination, including racial slurs, inappropriate calls, and harassment from customers whom she believed to be the same people who did mock calls due to familiarity with their voices and consistency.

8. Plaintiff reported these incidents to Tier 2 Anita, but no corrective action was taken.

9. Over time, the harassment intensified, including:

a. A caller masturbating on the phone.

b. A young child using racial slurs repeatedly.

c. Multiple customers asking if Meijer sold Black people or making racist remarks.

d. Same individuals would also call for product assistance monthly.

10. Plaintiff also experienced increasing technical issues, including:

a. Headsets malfunctioning.

b. Customers claiming they could hear a "man breathing" on her line.

c. Unauthorized remote access to her work screen interferes with her ability to perform tasks.

11. After reporting these issues, the Plaintiff's supervisor told her that she was "hard to catch," implying that she was being tested or monitored unfairly.

12. Plaintiff contacted Meijer's Tier 2 support and external IT professionals, who confirmed that someone was modifying her work settings and manipulating her system remotely.

13. Despite Plaintiff's excellent performance, her requests for a promotion were dismissed, and she was informed that she had to work at least a year before being considered for advancement.

14. The plaintiff contacted NTI for assistance reporting the issue and explaining how to proceed after the complaint. Was told, "Do what you want; it's your decision."

15. After experiencing severe retaliation, including:

a. Increased racially charged calls.

b. Technical malfunctions making it impossible to work.

c. A hostile and abusive customer on her first call after reporting the issues who had a familiar voice.

d. Total system failure preventing her from seeking help during this call.

16. Plaintiff was forced to resign from Meijer the next day, believing her work environment was unsafe and unsustainable.

17. Plaintiff attempted to apply for other positions through NTI, but:

a. She was told the IRS position had a cut-off time and was not hiring in her location, even though the IRS was hiring nationwide on its website with active onboarding meetings.

b. Left several messages to Rachel Holt, ext., who oversaw the hiring process for the IRS, and she never responded.

b. NTI reposted old job listings from 2021, misleading job seekers about available opportunities.

c. NTI failed to provide resume or job placement support, despite advertising such services.

18. Plaintiff discovered that her Ticket to Work remained assigned to NTI, preventing her from securing employment elsewhere.

a. She was never assigned to someone in HR as promised, which could have provided guidance on the relevance of her ticket to work ticket being kept.

19. Plaintiff contacted NTI multiple times regarding her complaint against Meijer, but she was:

a. Ignored and Transferred repeatedly with no resolution.

b. Told to look for jobs on Indeed, instead of receiving the career assistance NTI had promised.

20. After months of being abandoned by NTI, the Plaintiff requested the return of her Ticket to Work, which allowed her to seek employment elsewhere.

21. Plaintiff filed an EEOC complaint, participated in mediation, and received a Right to Sue letter, authorizing her to bring this lawsuit.

## V. CLAIMS FOR RELIEF: COUNT I: EMPLOYMENT DISCRIMINATION:

22. Defendant NTI failed to prevent or address racial harassment, violating Title VII.

23. NTI had a duty to protect Plaintiff from discrimination but allowed racially abusive conduct to continue.

## COUNT II: HOSTILE WORK ENVIRONMENT:

24. NTI knowingly subjected Plaintiff to a racially hostile work environment by ignoring complaints and allowing repeated harassment on the last day of her work.

25. Plaintiff was forced to work under severe emotional distress due to the persistent discrimination that occurred after she complained to NTI.

## COUNT III: RETALIATION:

26. Plaintiff faced retaliation for reporting racial discrimination, including:

a. Increased harassment.

b. System malfunctions making it impossible to work.

c. Unjustified scrutiny of her job performance.

27. NTI's failure to protect Plaintiff from retaliation led to constructive termination.

## COUNT IV: BREACH OF CONTRACT AND MISREPRESENTATION:

28. NTI failed to provide the job placement, career assistance, and HR support it promised during onboarding.

29. NTI misrepresented itself as an employment support service but did not offer actual assistance when Plaintiff requested help. VI. RELIEF REQUESTED: WHEREFORE, Plaintiff respectfully requests this honorable court the following relief:

30. Two years of back pay for lost earnings.

31. Compensation for emotional distress, in an amount to be determined at trial.

32. Punitive damages, to be determined by the court.

33. Any additional relief the Court deems just and appropriate.

34. A jury trial on all issues so triable. VII. JURY DEMAND:

## VII.   JURY DEMAND:

Plaintiff demands a trial by jury on all claims so triable.

Dated: this 5ᵗʰ day of March, 2025

Respectfully submitted,

**AFEISHA HAYNES,**
*Pro Se Plaintiff*
*127 Arlington Avenue,*
*Jersey City, NJ 07305*

## CERTIFICATION:

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: this 5th day of March, 2025

**Respectfully submitted,**

**AFEISHA HAYNES,**
*Pro Se Plaintiff*

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

FILED
IN CLERKS OFFICE

# UNITED STATES DISTRICT COURT
### for the

2025 MAR 10 AM 11:43

U.S. DISTRICT COURT
DISTRICT OF MASS.

### District of Massachusetts

| | | |
|---|---|---|
| Afeisha Haynes | ) | Case No. _____ |
| | ) | |
| | ) | *(to be filled in by the Clerk's Office)* |
| | ) | |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | Jury Trial: *(check one)* ☑ Yes ☐ No |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| -v- | ) | |
| | ) | |
| NTI | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | ) | |
| *with the full list of names.)* | ) | |

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Afeisha Haynes |
| Street Address | 127 Arlington Avenue, |
| City and County | Jersey City, |
| State and Zip Code | NJ 07305 |
| Telephone Number | |
| E-mail Address | |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

### Defendant No. 1

| | |
|---|---|
| Name | NTI |
| Job or Title *(if known)* | |
| Street Address | 410 University Ave. DPT# 11045, |
| City and County | Westwood, |
| State and Zip Code | MA 02090-2311) |
| Telephone Number | |
| E-mail Address *(if known)* | |

### Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

### Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

### Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II.   Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question          ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.   If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Federal Question (Violations of federal employment discrimination laws)

### B.   If the Basis for Jurisdiction Is Diversity of Citizenship

1.   The Plaintiff(s)

   a.   If the plaintiff is an individual

   The plaintiff, *(name)* Afeisha Haynes                        , is a citizen of the State of *(name)* NEW JERSEY                        .

   b.   If the plaintiff is a corporation

   The plaintiff, *(name)*                        , is incorporated under the laws of the State of *(name)*                        , and has its principal place of business in the State of *(name)*

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.   The Defendant(s)

   a.   If the defendant is an individual

   The defendant, *(name)*                        , is a citizen of the State of *(name)*                        . Or is a citizen of *(foreign nation)*

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

b.    If the defendant is a corporation

The defendant, *(name)*  NTI                                          , is incorporated under

the laws of the State of *(name)*    Massachusetts                           , and has its

principal place of business in the State of *(name)*   Massachusetts                          .

Or is incorporated under the laws of *(foreign nation)*                                    ,

and has its principal place of business in *(name)*    Massachusetts                          .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

1. Plaintiff joined NTI through Social Security's Ticket to Work program in 2022.  2. Promised job opportunities but was only offered one position at Meijer.   3. Experienced racial harassment (slurs, inappropriate calls, technical issues).   4. Supervisor and NTI failed to intervene after complaints.   5. After reporting discrimination and requesting reassignment, faced retaliation, job loss, and lack of promised assistance.  6.NTI failed to investigate complaints, provide resume/job assistance, or properly transition her after leaving Meijer.  7. Failure to investigate discrimination claims.  8. Failure to create a safe work environment.  9. Breach of services promised in onboarding.     10. Failure to provide HR assistance in transition.

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

2 years of back pay.

Compensation for emotional distress.

Compensation for lost wages.

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    03/05/2025

Signature of Plaintiff

Printed Name of Plaintiff    Aleisha Haynes

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address